## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

CLARA GARCIA EGUIZABAL
72 Nina Court
Gaithersburg, MD 20877
(Montgomery County)

    Plaintiff,

v.

HU AND TAN, INC.
d/b/a NEW VILLAGE
11540 Middlebrook Road
Germantown, MD 20876
(Montgomery County)

DAN FENG HU
10402 Conover Drive
Silver Spring, MD 20902
(Montgomery County)

GUO ZHI YE
10402 Conover Drive
Silver Spring, MD 20902
(Montgomery County)

    Defendants.

Civil Action No. _____

## **COMPLAINT**

1.     Defendants employed Plaintiff as a kitchen hand at their New Village Chinese restaurant in Germantown. Defendants paid Plaintiff a semimonthly salary which denied Plaintiff minimum and overtime wages.

2.     Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-

401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq*.

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the parties reside in this district and division, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Clara Garcia Eguizabal is an adult resident of Montgomery County, Maryland.

6. Defendant Hu and Tan, Inc. is a Maryland corporate entity. It does business as "New Village." Its principal place of business is located at 11540 Middlebrook Road, Germantown, MD 20876. Its resident agent for service of process is Defendant Dan Feng Hu, 10402 Conover Drive, Silver Spring, Maryland 20902.

7. Defendant Dan Feng Hu is an adult resident of Maryland. He resides at: 10402 Conover Drive, Silver Spring, MD 20902. He is an owner, operator, and officer of Defendant Hu and Tan, Inc. He exercises control over the operations of Hu and Tan, Inc. — including its pay practices.

8. Defendant Guo Zhi Ye is an adult resident of Maryland. She resides at: 10402 Conover Drive, Silver Spring, MD 20902. She is an owner, operator, and officer of Defendant Hu and Tan, Inc.. She exercises control over the operations of Hu and Tan, Inc. — including its pay practices.

9. Upon information and belief, Dan Feng Hu and Guo Zhi Ye are husband and wife.

10. Hu and Tan, Inc. incorporated on November 9, 2015.

11. Prior to Hu and Tan, Inc.' incorporation, the Chinese restaurant at 11540 Middlebrook Road, Germantown, MD 20876 was operated by ABC Restaurant, LLC.

12. ABC Restaurant, LLC operated under the name "Tasty Garden."

13. Hu and Tan, Inc. is both the implied and express corporate successor in interest to ABC Restaurant, LLC.

14. Hu and Tan, Inc. purchased ABC Restaurant, LLC's restaurant on approximately November 9, 2015.

15. Hu and Tan, Inc. rebranded "Tasty Garden" as "New Village." However, Hu and Tan, Inc. continued the operations of ABC Restaurant, LLC.

16. Hu and Tan, Inc. used the same location and personal property of ABC Restaurant, LLC.

17. With respect to Plaintiff, Hu and Tan, Inc. maintained the pay practices of ABC Restaurant, LLC.

18. With respect to Plaintiff, Hu and Tan, Inc. maintained the same work schedule as ABC Restaurant, LLC.

19. When Hu and Tan, Inc. purchased "Tasty Garden" from ABC Restaurant, LLC, Defendants were fully aware of the pay practices of ABC Restaurant, LLC with respect to Plaintiff — and maintained those very same pay practices.

## Factual Allegations Specific to Plaintiff Garcia Eguizabal

20. Plaintiff Garcia Eguizabal worked for Defendants from approximately July 19, 2015 to approximately November 6, 2016.

21. Plaintiff Garcia Eguizabal worked at New Village as a kitchen hand.

22. Plaintiff Garcia Eguizabal's job duties at New Village primarily consisted of cutting vegetables and meat, washing dishes, and cleaning the kitchen.

23. Plaintiff Garcia Eguizabal typically and customarily worked 66 hours per week.

24. Plaintiff Garcia Eguizabal typically and customarily worked six days per week.

25. Plaintiff Garcia Eguizabal typically and customarily worked the following schedule:

|  | Entry and Exit Time | Break Time | Hours |
|---|---|---|---|
| Monday | OFF | | |
| Tuesday | 10:00 a.m. - 9:00 p.m. | None | 11 |
| Wednesday | 10:00 a.m. - 9:00 p.m. | None | 11 |
| Thursday | 10:00 a.m. - 9:00 p.m. | None | 11 |
| Friday | 10:00 a.m. - 9:00 p.m. | None | 11 |
| Saturday | 10:00 a.m. - 9:00 p.m. | None | 11 |
| Sunday | 10:00 a.m. - 9:00 p.m. | None | 11 |
| | | **Total Hours** | **66** |

26. Defendants occasionally changed Plaintiff Garcia Eguizabal's day off from Monday to Wednesday or Thursday.

27. Defendants occasionally asked Plaintiff Garcia Eguizabal to work on her day off. On such occasions, she worked seven days a week for a total of 77 hours.

28. Defendants paid Plaintiff Garcia Eguizabal a semimonthly salary.

29. Defendants paid Plaintiff Garcia Eguizabal approximately as follows:

| Approximate Date Range | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| July 1, 2015 - Nov. 30, 2015 | $700.00 | $4.89 |
| Dec. 1, 2015 - May 1, 2016 | $725.00 | $5.07 |
| Jun. 1, 2016 - Nov. 6, 2016 | $800.00 | $5.57 |

30. When Plaintiff Garcia Eguizabal worked on her day off, Defendants added $60.00 to Plaintiff Garcia Eguizabal's semimonthly salary.

31. Defendants did not pay Plaintiff Garcia Eguizabal overtime wages — or one and a half times Plaintiff Garcia Eguizabal's regular hourly rate for hours worked in excess of 40 in a workweek.

32. In addition to not paying overtime wages, Defendants did not pay Plaintiff Garcia Eguizabal the applicable minimum wage.

4

33. Defendants paid Plaintiff Garcia Eguizabal twice a month.

34. Defendants paid Plaintiff Garcia Eguizabal with cash.

35. Defendants typically and customarily tendered cash to Plaintiff Garcia Eguizabal in envelopes bearing the logo of PNC bank.

36. Defendants Dan Feng Hu and Defendant Guo Zhi Ye typically and customarily tendered Plaintiff Garcia Eguizabal her cash payments.

37. Defendants owe Plaintiff Garcia Eguizabal approximately $29,199.70 in minimum and overtime wages.

38. At all relevant times, the federal minimum wage was $7.25 per hour.

39. The Maryland minimum wage was $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour from July 1, 2016 through the present.

40. The Montgomery County minimum wage was $8.40 from October 1, 2014 through September 30, 2015, $9.55 from October 1, 2015 through September 30, 2016, and $10.75 per hour from July 1, 2016 through the present. Montgomery County Code, § 27-68.

41. At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

42. At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

43. At all relevant times, Defendants had the power to hire and fire Plaintiff.

44. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

45. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

46. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

47. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and a half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

48. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

49. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

50. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

52. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

53. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

54. Plaintiff was a "non-exempt" employee of Defendants within the meaning of the FLSA, 29 U.S.C. § 213.

55. For purposes of calculating overtime wages under the FLSA, an employee's regular hourly rate cannot be lower than the highest applicable minimum wage. 29 C.F.R. § 778.5.

56. The FLSA requires employers to pay non-exempt employees one and a half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

57. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

58. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and a half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

59. Defendants' violations of the FLSA were willful.

60. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

61. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

62. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

63. The MWHL required that employers pay non-exempt employees at least $7.25 per hour before January 1, 2015, $8.00 per hour from January 1, 2015 through June 30, 2015, $8.25 per hour from July 1, 2015 through June 30, 2016, and $8.75 per hour from July 1, 2016 through June 30, 2017. Md. Code, Lab. & Empl. Art. § 3-413.

64. The MWHL requires employers to pay non-exempt employees one and a half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

65. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

66. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and a half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

67. Defendants' violations of the MWHL were willful.

68. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

69. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

70. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

71. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

72. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

73. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

74. Defendants violated the MWPCL by knowingly failing to timely pay Plaintiff all wages due, including minimum and overtime wages.

75. Defendants' violations MWPCL were willful.

76. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$92,574.10**, and grant the following relief:

    a.     Award Plaintiff $87,599.10, consisting of the following overlapping elements:

          i.     unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

          ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

          iii.   three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., § 3-507.2;

    b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

    c.     Award Plaintiff reasonable attorney's fees and expenses at Appendix B Rates (as of this date, approximately $4,575.00);

    d.     Award Plaintiff court costs (currently, $400.00); and

    e.     Award any additional relief the Court deems just.

Date: March 3, 2017                    Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*

## **<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury as to all issues so triable.

<u>/s/ Justin Zelikovitz, Esq.</u>